UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Briefing of Social Security Cases | M 10-468<br><br>**STANDING ORDER** |

WHEREAS, cases filed on and after December 1, 2022 under 42 U.S.C. § 405(g), seeking judicial review on the record of final decisions by the Commissioner of Social Security ("Commissioner") denying applications for social security benefits, are governed by the simplified procedures set forth in the Supplemental Rules for Social Security Actions ("Supplemental Rules" or "Supp. R."); and

WHEREAS, pursuant to Supp. R. 4, the Commissioner must serve the answer on the plaintiff or make a motion under Fed. R. Civ. P. 12 within 60 days after notice of the action is given under Supp. R. 3; and

WHEREAS, pursuant to Supp. R. 6-8, the plaintiff must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed or the last Rule 12 motion is resolved; the Commissioner must file a brief and serve it on the plaintiff within 30 days after service of the plaintiff's brief; and the plaintiff must file any reply brief and serve it on the Commissioner within 14 days after service of the Commissioner's brief; and

WHEREAS, in light of the Court's experience with cases filed under 42 U.S.C. § 405(g), it is anticipated that the parties may request extensions to one or more of the deadlines set forth in the Supplemental Rules pursuant to Fed. R. Civ. P. 6(b)(1);

NOW THEREFORE, in order to ensure the efficient disposition of cases subject to the Supplemental Rules, it is hereby ORDERED that, prior to seeking an extension of any deadline set forth in Supp. R. 4, 6, 7, or 8, the party seeking such extension shall attempt to meet and

confer with the opposing party in a good faith effort to agree upon a reasonable and comprehensive schedule for all future filings in the case. If the parties reach agreement, the proposed schedule shall be presented to the Court for approval and, if approved, will govern all remaining proceedings in the case. No further extensions will be granted absent compelling circumstances. If the parties are unable to reach agreement on a comprehensive schedule, the party seeking the initial extension shall describe the efforts made to reach such an agreement and the reasons why those efforts were unsuccessful. The parties are reminded that, in the absence of an extension order by the Court, the deadlines set forth in the Supplemental Rules will control.

It is further ORDERED that if a plaintiff who is appearing *pro se* fails to file a brief for the requested relief within the time period set forth in Supp. R. 6 (or such extended time period as the Court may have granted), the Commissioner must nonetheless file a brief and serve it on the plaintiff within 30 days after the plaintiff's brief was due (or within such extended time period as the Court may have granted for the Commissioner's brief). If the plaintiff disagrees with the disposition requested by the Commissioner, the plaintiff may file an opposition brief and serve it on the Commissioner within 14 days after service of the Commissioner's brief (or within such extended time period as the Court may have granted for the plaintiff's reply brief).

It is further ORDERED that absent leave of the Court, requested at least seven days in advance, the parties' initial and opposition briefs are limited to 25 pages and the reply brief is limited to 10 pages.

It is further ORDERED that this Standing Order supersedes Standing Order M10-468, 16-MC-171 (S.D.N.Y. Apr. 20, 2016) with respect to § 405(g) cases filed on and after

December 1, 2022. Standing Order M10-468 will continue to apply to cases filed before December 1, 2022.

Dated: New York, New York  
      November 18, 2022

**SO ORDERED.**

_____  
**LAURA TAYLOR SWAIN**  
**Chief United States District Judge**